1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    CHARNAE BIGGINS,                        No.  2:24-cv-02736 TLN AC PS

12              Plaintiff,

13         v.                                 ORDER

14    WINN COMPANIES LLC,

15              Defendant.

16

17        Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the

18    undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma

19    pauperis ("IFP") and has submitted the affidavit required by that statute.  See 28 U.S.C.

20    § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.

21                                  **I.  Screening**

22         A.    Legal Standard

23        The federal IFP statute requires federal courts to dismiss a case if the action is legally

24    "frivolous or malicious," fails to state a claim upon which relief may be granted or seeks

25    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

26    Plaintiff must assist the court in determining whether the complaint is frivolous, by drafting the

27    complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  The

28    Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-

                                          1

1   rules-practice-procedure/federal-rules-civil-procedure.

2          Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and

3   plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this

4   court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled

5   to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief

6   sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.

7   Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in

8   the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200),

9   Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

10         A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

11  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the

12  court will (1) accept as true all the factual allegations contained in the complaint, unless they are

13  clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the

14  plaintiff, and (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von

15  Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert.

16  denied, 564 U.S. 1037 (2011).

17         The court applies the same rules of construction in determining whether the complaint

18  states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court

19  must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must

20  construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

21  less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520

22  (1972).  However, the court need not accept as true conclusory allegations, unreasonable

23  inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,

24  624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

25  to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,

26  556 U.S. 662, 678 (2009).

27         To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

28  state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has

1  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

2  reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at

3  678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

4  to amend unless the complaint's deficiencies could not be cured by amendment. See Noll v.

5  Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in

6  Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

7          B. The Complaint

8          Plaintiff's complaint contains minimal information. ECF No. 1. On the form complaint

9  she marks "Federal question" as the basis for jurisdiction, and when asked to list the basis for

10  federal question jurisdiction she writes "illegal eviction by an out of state company." Id. at 4.

11  Under the "Statement of Claim" section she wrote "illegal eviction[,] illegal lockout[,] breach of

12  contract." The alleged violation occurred on August 8, 2024. Id. at 6. When asked to identify

13  the facts underlying her claims, plaintiff wrote "Winn companies accepted money and agreement

14  and still [unintelligible] lockout of plaintiff." Id. When asked to explain her damages, plaintiff

15  wrote "Homeless" and when asked to identify the relief sought, plaintiff wrote "Return of moneis,

16  property and monetary damages." Id. at 6.

17          C. Analysis

18          Plaintiff's complaint suffers from several defects that prevent it from being served at this

19  time. First, the complaint does not contain a "short and plain" statement setting forth the basis for

20  federal jurisdiction, plaintiff's entitlement to relief, or the relief that is sought, even though those

21  things are required by Fed. R. Civ. P. 8(a)(1) (3). The exact nature of what happened to plaintiff

22  is unclear from the complaint, which contains very minimal information. The court cannot tell

23  from examining the complaint what legal wrong was done to plaintiff, by whom and when, or

24  how any alleged harm is connected to the relief plaintiff seeks.

25          Second, there is no apparent basis for federal jurisdiction. "Federal courts are courts of

26  limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). In

27  28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general

28  types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in

3

1    controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a).

2    These jurisdictional grants are known as "federal-question jurisdiction" and "diversity

3    jurisdiction," respectively.  Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019),

4    reh'g denied, No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).  A case "arises under" federal

5    law for jurisdictional purposes either where federal law creates the cause of action or "where the

6    vindication of a right under state law necessarily turn[s] on some construction of federal law."

7    Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting

8    Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)).  "[T]he

9    presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint

10   rule,' which provides that federal jurisdiction exists only when a federal question is presented on

11   the face of the plaintiff's properly pleaded complaint."  Id. at 1089 (quoting Rivet v. Regions

12   Bank, 522 U.S. 470, 475 (1998)).

13        Plaintiff asserts federal question jurisdiction, but she does not bring any federal claims.

14   There cannot be federal question jurisdiction unless there is an allegation that a federal law was

15   violated.  Plaintiff also fails to allege diversity jurisdiction because she does not allege an amount

16   in controversy.  Plaintiff's reference to an "out of state corporation" indicates that she is possibly

17   trying to allege diversity jurisdiction, but diversity jurisdiction only exists when the controversy

18   exceeds $75,000 in value.  It is possible that plaintiff can cure this defect, and so she will be given

19   leave to amend.

20                              **II.  Amending the Complaint**

21        If plaintiff chooses to amend the complaint, the amended complaint must allege facts

22   establishing the existence of federal jurisdiction.  In addition, it must contain a short and plain

23   statement of plaintiff's claims.  The allegations of the complaint must be set forth in sequentially

24   numbered paragraphs, with each paragraph number being one greater than the one before, each

25   paragraph having its own number, and no paragraph number being repeated anywhere in the

26   complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.

27   Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the

28   proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4 200),

                                             4

1   Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

2        Plaintiff must avoid excessive repetition of the same allegations.  Plaintiff must avoid

3   narrative and storytelling.  That is, the complaint should not include every detail of what

4   happened, nor recount the details of conversations (unless necessary to establish the claim), nor

5   give a running account of plaintiff's hopes and thoughts.  Rather, the amended complaint should

6   contain only those facts needed to show how the defendant legally wronged the plaintiff.

7        The amended complaint must not force the court and the defendants to guess at what is

8   being alleged against whom.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)

9   (affirming dismissal of a complaint where the district court was "literally guessing as to what

10   facts support the legal claims being asserted against certain defendants").  The amended

11   complaint must not require the court to spend its time "preparing the 'short and plain statement'

12   which Rule 8 obligated plaintiffs to submit." Id. at 1180.  The amended complaint must not

13   require the court and defendants to prepare lengthy outlines "to determine who is being sued for

14   what." Id. at 1179.

15        Also, the amended complaint must not refer to a prior pleading to make plaintiff's

16   amended complaint complete.  An amended complaint must be complete without reference to any

17   prior pleading.  Local Rule 220.  This is because, as a rule, an amended complaint supersedes the

18   original complaint.  See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438,

19   456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6

20   C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556 57 (2d ed. 1990)).

21   Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

22   of each defendant must be sufficiently alleged.

### III.    Pro Se Plaintiff's Summary

24        It is not clear that this case can proceed in federal court.  The court cannot tell from your

25   complaint what legal harm was done to you.  Because the complaint as written does not clearly

26   tell the court the facts of your case and does not establish federal jurisdiction, it will not be served

27   on defendants.  Your lawsuit cannot proceed unless you fix the problems with your complaint.

28        You are being given 30 days to submit an amended complaint that provides a proper basis

1   for federal jurisdiction and gives the court enough facts to explain the basis for your legal claims.

2   If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights

3   of yours were violated, by whom and how, and how those violations impacted each plaintiff.

4   Without this information, the court cannot tell what legal claims you are trying to bring against

5   the defendants.  If you do not submit an amended complaint by the deadline, the undersigned will

6   recommend that the case be dismissed.

### IV.  Conclusion

8   Accordingly, IT IS HEREBY ORDERED that:

9   1.      Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

10  2.      Plaintiff shall have 30 days from the date of this order to file an amended complaint that

11  names defendants who are amenable to suit, and which complies with the instructions given

12  above.  If plaintiff fails to timely comply with this order, the undersigned may recommend that

13  this action be dismissed.

14  DATED: October 17, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE